73 F.3d 381
 37 U.S.P.Q.2d 1894
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GOLDEN STAR, INC., Plaintiff-Appellant,
v.
WILEN COMPANIES INCORPORATED and Joseph M. Wilen,
Defendants-Appellees,
 No. 93-1567.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1995.
 
 Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Golden Star, Inc. (Golden Star) appeals the summary judgment of the United States District Court for the Northern District of Georgia holding that United States Patent No. 4,679,859 ('859 patent) is invalid for anticipation under 35 U.S.C. Secs. 102(a) and (g) (1988). We affirm.
 
 DISCUSSION
 
 2
 Golden Star sued Wilen Companies Incorporated (Wilen) for patent infringement contending that its mops impregnated with antimicrobial compounds infringed the claims of the '859 patent. The claims are directed to mop swabs impregnated with organic copper salts having antimicrobial activity and methods of making such impregnated mop swabs. Wilen filed a motion for summary judgment contending that based on undisputed facts Wilen was entitled to a judgment as a matter of law that the '859 patent was invalid for anticipation under 35 U.S.C. Sec. 102(a) and 35 U.S.C. Sec. 102(g). See Fed.R.Civ.P. 56. Its motion asserted that the undisputed facts established that a third party, Seco Industries, had made and offered for sale mops treated with antimicrobial compounds prior to Golden Star's patent application. The district court granted Wilen's summary judgment motion. In this appeal Golden Star contends that disputed issues of material fact existed which precluded summary judgment and that the claims of the '859 patent were not anticipated.
 
 
 3
 A motion for summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A patent is presumed valid, 35 U.S.C. Sec. 282 (1988 & Supp. V 1993), and clear and convincing evidence is required to prove invalidity. Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1375, 231 USPQ 81, 87 (Fed.Cir.1986), cert. denied, 480 U.S. 947 (1987). Here, the district court held that Wilen had met its burden by showing anticipation under 35 U.S.C. Secs. 102(a) and (g), stating that "it is undisputed that a competitor company of the parties herein, Seco Industries ('Seco'), developed, manufactured, used and marketed mops treated with copper 8-quinolinoate prior to the time plaintiff filed its application for the '859 patent and these efforts were not abandoned as of the filing date." Invalidity based on anticipation under Sec. 102(a) requires that all of the limitations of the claims be found within a single prior art reference. Carella v. Starlight Archery & Pro Line Co., 804 F.2d 135, 138, 231 USPQ 644, 646 (Fed.Cir.1986). Invalidity based on anticipation under Sec. 102(g) requires a prior conception and reduction to practice of the invention by another. Texas Instruments, Inc. v. ITC, 988 F.2d 1165, 1177, 26 USPQ2d 1018, 1028 (Fed.Cir.1993).
 
 
 4
 The district court in its opinion accepted as fact that Charles Wilson, the named inventor in the '859 patent, first conceived of the patented invention in March 1985. The patent application was filed on October 28, 1985. In its opinion the court then set out "undisputed facts" showing that the President of Seco conceived of the idea of treated mops at a trade show in October 1984; that Seco in November 1984 treated mops with antimicrobial chemicals obtained from Morton Thiokol Corporation; that Morton Thiokol thereafter tested Seco's mops and yarns and in a January 9, 1985 report concluded that the treated mops were in fact antimicrobial; that Seco during August to October 1984 readied treated mops to show and advertise at an October 1985 trade show; that Seco received another report from Morton Thiokol in October establishing that the treated mops remained antimicrobial after 50 washings; and that Seco thereafter continued to manufacture and sell its antimicrobial treated mops. The district court accordingly concluded that the invention of the '859 patent was invalid for anticipation because it was known to and not concealed from the public prior to the patent application.
 
 
 5
 Golden Star argues that the district court erroneously granted summary judgment in the face of disputed issues of fact. However, Golden Star does not convincingly counter the evidence relied on by the district court or cite evidence which would give rise to a genuine issue of material fact. See Anderson, 477 U.S. at 248. Golden Star points primarily to the testimony of William H. Kenney, Seco's former Vice President of Manufacturing, as supporting its contention that there were disputed facts. It is clear that the district court considered Kenney's testimony because the court specifically commented on his testimony in considering the abandonment issue discussed below. Although not so stating, apparently the district court did not view Kenney's testimony as creating a genuine issue as to any fact material to anticipation. We agree. On the decisive and material facts as to when Seco's treated mops were conceived and reduced to practice, Kenney's testimony is largely corroborative of that of Seco's president, Ted Moss, and the confirming documentary evidence.
 
 
 6
 Similarly, on the underlying facts relating to whether there had been an abandonment by Seco of treated mops, the court stated that Kenney's recollection of events which might indicate abandonment was not sufficient to raise a factual issue. The court instead accepted as undisputed the testimony of Seco's president supported by confirmatory documentary evidence. Where the decisive factual issues are not in dispute and the movant is otherwise entitled to judgment as a matter of law, it is entirely proper for the district court to grant summary judgment as it did here. Fed.R.Civ.P. 56; Anderson, 477 U.S. at 247-52.
 
 
 7
 Other than to assert that there are genuine issues of material fact, as noted above, Golden Star largely attempts to retry the question of anticipation in this appeal. It contends, for example, that the evidence does not show that Seco's mops worked for their intended purpose and satisfied all the limitations of the claims of the '859 patent. Again relying on the testimony of Kenney, Golden Star says that as late as August 1985 Seco's antimicrobial mop was not reduced to practice. However, this is contrary to the district court's findings. The evidence (including some of Kenney's testimony) shows that Seco's treated mops were known to be antimicrobial at the time of the January 1985 Morton Thiokol test report. Moreover, the district court found that Golden Star does not dispute that the mops developed by Seco meet all of the elements described in the claims of the '859 patent. We have considered other arguments of Golden Star on the question of anticipation, and we are convinced that the district court did not err in finding anticipation.
 
 
 8
 Golden Star contends that Seco abandoned the treated mops sometime after the trade show in October 1985. Abandonment is a question of law which this court reviews de novo. See Paulik v. Rizkalla, 760 F.2d 1270, 1280, 226 USPQ 224, 232 (Fed.Cir.1985) (Rich, J., concurring). Golden Star argues that Seco stored its treated mops in a "morgue" from October 1985 through May 1986, after which Seco allegedly decided again to market the mops following Golden Star's success in the industry. The district court rejected this argument and held that "beginning in November 1984, and continuing through 1986, Seco was actively developing, manufacturing and marketing an antimicrobial mop which had all the elements of the claims of the '859 patent." Even if there was some period of inactivity as Golden Star argues, we are not convinced that this inactivity alone demonstrates that Seco abandoned its efforts to develop, manufacture and market the anticipating mops. Paulik, 760 F.2d at 1272-73, 226 USPQ at 225-26; id. at 1283, 226 USPQ at 233-34 (Markey, C.J., additional views).
 
 
 9
 For the foregoing reasons, the summary judgment of the district court is affirmed.